UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MATTIELENE COPELAND | § | |
| Plaintiff, | § | |
| | § | |
| VERSUS | § | CIVIL ACTION NO.:_____ |
| | § | |
| JOHN D. COLONNETTA and | § | |
| TEXAS FARMERS INSURANCE | § | |
| COMPANY | § | |
| Defendants. | § | |

**NOTICE OF REMOVAL**

NOW INTO COURT, through undersigned counsel, comes Defendant, TEXAS FARMERS INSURANCE COMPANY ("Defendant" or "Farmers"), a Write-Your-Own ("WYO") Program insurance carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] and appears herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States."[3] Defendant files this Notice of Removal and hereby removes this matter from state court to the docket of this Honorable Court. An index of documents being filed contemporaneously with this Notice is attached as Exhibit A.  Defendant would respectfully show as follows:

---

[1]  See 42 U.S.C. §4001 *et seq.*

[2]  44 C.F.R. §62.23(f).

[3]  42 U.S.C. §4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).

I.

On February 16, 2010, Plaintiff, Mattielene Copeland, filed a lawsuit in the 10th Judicial District Court for Galveston County, Texas, entitled "*Mattielene Copeland v. John D. Colonnetta and Texas Farmers Insurance Company,*" bearing case number 10CV0475.  A true and correct copy of the Plaintiff's Petition and all pleadings served upon Texas Farmers Insurance Company to date are attached hereto as Exhibit "B."

II.

For the reasons that follow, Defendant hereby removes this case from state court to this federal court, pursuant to 28 U.S.C. §1331, 28 U.S.C. §1442(a)(1), 28 U.S.C. §1337 and 28 U.S.C. §1367.

A.     REVIEW OF PLAINTIFF'S PETITION

1.     In Section VI at Paragraph 1 of the Petition, Plaintiff alleges that she is the owner of property located at 139 Clear Lake Road, Clear Lake Shores, Texas.

2.     In Section VI at Paragraph 1, Plaintiff alleges that she purchased flood and wind policies from American Bankers for her primary residence and that Farmers acquired American Bankers polices, including the flood policy at issue.

3.     In Section VI at Paragraph 3, Plaintiff alleges that on September 13, 2008, winds and tidal surge from Hurricane Ike severely damaged her home.  Plaintiff alleges that she learned that she had only $141,000 worth of dwelling coverage and $27,600.00 worth of contents when she had believed that the entire home was covered and she had been paying premiums for such coverage.

-2-

4.      In Section IV at Paragraph 4, Plaintiff alleges that her original policy had been written incorrectly and that Farmers made changes to the policy to reflect no flood coverage on her first floor due to its post-firm construction.

5.      In Section IV at Paragraph 5, Plaintiff alleges that Farmers sent her a revised flood declarations page, which indicated that changes to her policy occurred on September 14, 2008 and that the coverage limits reflected on the amended declarations page were effective as of September 12, 2008, the day before Hurricane Ike. Plaintiff alleges that the modifications adjusted the premium from $2,138.00, the amount that she had been paying to Farmers for the last eleven years, to $579.00.

6.      In that same paragraph, Plaintiff alleges that she believed her flood policy covered all levels of her home since the policy effective September 12, 2008 to September 12, 2009 reflected that the building description included a single family, two floors with basement or enclosure and that the contents was also covered in the location as basement and above.  A copy of the declaration page is attached hereto as Exhibit "C."

7.      In Section VI at paragraph 6, Plaintiff alleges that if she had been advised that portions of the home were excluded under her flood policy, she would have increased her coverage and that the coverage for which she paid for over eleven years was not the complete coverage that was represented to her by John D. Colonnetta and Farmers (collectively "Defendants").  Plaintiff alleges that she was paying a higher annual premium for coverage that was not applicable to her post-FIRM building structure and that defendants also underinsured Plaintiff for flood coverage she needed on her home.

8.     In Sections VII, VIII, and IX, Plaintiff alleges that Defendants violated the DTPA, The Texas Insurance Code and that Defendants have made statements misrepresenting to Plaintiff the terms of their insurance policies and benefits promised by those policies.

9.     In Section IX, Plaintiff alleges that Defendants made misrepresentations to the Plaintiff regarding the insurance policies sold to the Plaintiff and that Defendants supplied false information for the guidance of the Plaintiff.  Plaintiff further alleges that Defendants did not exercise reasonable care or competence in obtaining and communication the information and that Plaintiff relied upon the information by making her policy decisions based upon the information provided by Defendants.

## B.     THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE

10.     Texas Farmers, as a WYO Program carrier, is authorized to issue the Standard Flood Insurance Policy ("SFIP") on behalf of the federal government pursuant to the "Arrangement" between itself and the Federal Emergency Management Agency ("FEMA"), set forth at 44 C.F.R. Pt. 62, App. A.

11.     Effective October 1, 2004, there was a new "Arrangement" between FEMA and all WYO Program carriers, including Farmers.  In that new Arrangement, FEMA further clarified its regulations to make clear that, in addition to disputes arising from claims and claims handling, the policy sales and administration are performed by the WYO Program carriers (a) in their fiduciary capacity to the government, (b) utilizing federal funds, and (c) governed by extensive federal regulations.

12.     Moreover, FEMA stated its view that "any" such litigation states a federal question. Each of these points is now clearly stated within the new Arrangement, and in the following two paragraphs:

> Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the participating companies' activities when selling or administering the Standard Flood Insurance Policies; and

> Whereas any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question; and . . . .

44 C.F.R. Pt. 62, App. A, Article I.

13.     Congress underwrites all operations of the NFIP through the U.S. Treasury.[5] This includes appropriations for both the adjustment of claims and the payment of those claims.[6] Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically FEMA.[7]

14.     Farmers' role, as a WYO Program carrier and as set forth in the Arrangement, is to market, sell, administer, and handle claims under SFIPs that it is authorized to issue on behalf of the federal government.  It is clear that Farmers, in its WYO capacity, is conducting all of these actions in its fiduciary capacity as the "fiscal agent" of the United States. 44 C.F.R. §62.23(f) and 42 U.S.C. §4071(a)(1).

---

[5]  42 U.S.C. § 4017(d)(1).
[6]  42 U.S.C. § 4017(d)(1).
[7]  42 U.S.C. §§4013, 4017, 4019.

**C.    FEDERAL JURISDICTION**

Farmers submits that this Court has jurisdiction over this matter based upon three separate and distinct bases.

**(1).    42 U.S.C. §4072 – Original Exclusive Jurisdiction**

15.    42 U.S.C. §4072 conveys "original exclusive" jurisdiction over claims involving administration of an existing flood policy and claims handling matters under the SFIP.

16.    Although 42 U.S.C. §4072 expressly provides for suit against the Director of FEMA, the Fifth Circuit has recognized that the statute applies to claims against WYO companies as well.  *See Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341, 343 (5th Cir. 2005); *Wright v. Allstate Ins. Co.*, 500 F.3d 390, 397 (5th Cir. 2007); and *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 n. 5 (5th Cir. 2008).

17.    Plaintiff is aware of the requirement of filing in federal court as SFIP Article VII(R) clearly states that the insured "must file suit in the United States District Court of the district in which the covered property was located at the time of the loss." Certainly Farmers is not suggesting that jurisdiction can be created by contract, but instead it is pointing out that Plaintiffs were fully aware of the requirement of filing in federal court.  Further, because the SFIP is a codified federal regulation, Plaintiffs are charged with the knowledge of this requirement. *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947).

(2).    28 U.S.C. §1331 - Federal Question Jurisdiction

18.    Defendant asserts that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the National Flood Insurance Act of 1968, as amended.  (42 U.S.C. §4001, *et seq.*) As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, et seq.), and federal common law." 44 C.F.R. Pt. 61, App. A(1), Article IX.  Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C.§1331.

19.    Reformation of the flood policy is specifically dictated by Article VII(G) of the SFIP.  Federal common law governs the interpretation of a SFIP, and courts must "interpret the SFIP in accordance with its plain, unambiguous meaning."  *Linder & Assoc., Inc. v. Aetna Cas. & Sur. Co.*, 166 F.3d 547, 550 (3rd Cir. 1999).   As the SFIP is a codified federal law, interpretation of Article VII(G) would create a federal question.

20.    Any reformation of the policy is governed *exclusively* by federal law.  See 44 C.F.R. Pt. 61, App. A(1), Articles IX, VII(G), VII(D) and 44 C.F.R. ¶61.13(d).

21.    In addition, the parties disagree as to whether or not her damages are covered under the SFIP and particularly, whether or not the Plaintiff's bottom floor is entitled to full coverage.  SFIP Article III(A) 8 provides that items of property in a building enclosure below the lowest elevate floor of an elevated post-FIRM building  is limited.  Further, SFIP Article III(B)(3) provides limitations to contents covered in an elevated post-FIRM building.

-7-

22.     In order to determine what, if any, U.S. Treasury benefits the Plaintiff may be entitled to receive, or whether and how the SFIP should be reformed, the Court will necessarily have to interpret the SFIP itself as well as other federal laws, regulations and statutes.  As the SFIP is a federal law, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided thereunder, any amounts due under the SFIP, and any reformation of the SFIP would require the interpretation of a federal law which presents a federal question. *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F.Supp.2d 800, 805 (S.D. Tex. 2000). *See also*, *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 606-07 (4th Cir.2002)(extra-contractual claims arising out of claims for benefits under the NFIP state a federal question and as such, may not be remanded to the state courts).  Thus, there is federal question jurisdiction under 28 U.S.C. §1331, and the case is therefore also removable pursuant to 28 U.S.C. §1441(a), (b) and (c).

23.     Clearly, the payment that Plaintiff seeks from Texas Farmers, premised upon a reformation of the SFIP, would be a "direct charge on the public treasury," and would be "binding" upon the federal government. *Gowland,* 143 F.3d at 955; and 44 C.F.R. Part 62, App. A, Art. II(F).

24.     Pursuant 28 U.S.C. §1331, and by operation of 28 U.S.C. §1441(a), (b) and (c), Defendant asserts that there are multiple federal questions presented within Plaintiff' Petition making the action removable pursuant to 28 U.S.C. §1331.

**(3.)    Federal Jurisdiction Also Exists Because the Petition Brings Into Play and Act of Congress Regulating Commerce**

25.    Removal of this case is also proper under 28 U.S.C. §1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating interstate commerce.  28 U.S.C.§1337 is not subject to the well-pleaded-complaint rule. Under §1337, removal is proper where the facts alleged in the plaintiff's petition bring into play an act of Congress that regulates commerce, regardless of whether any reference to the said act appears in the plaintiff's pleading. *Uncle Ben's International Division of Uncle Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 216-17 (5th Cir. 1988); *Crispin Co., v. Lykes Bros. Steamship Co.*, 134 F.Supp.704, 706 (S.D.Tex. 1955); and *Commonwealth of Puerto Rico v. Sea-Land Service Inc.*, 349 F.Supp.964, 973-74 (D.P.R. 1970).

26.    Clearly, under the National Flood Insurance Act, 42 U.S.C. §4001, *et seq*., Congress is regulating commerce by promulgating the complex and comprehensive statutory scheme that is commonly described as the National Flood Insurance Act. As recognized in *C.E.R. 1988, Inc. v. Aetna Cas. and Sur. Co.*, 386 F.3d 263, FN3 (3rd Cir. 2004):

> FN3. The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, § 8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. § 1011, *et seq*., grants states this power except where Congress enacts legislation that "specifically relates to the business of insurance." 15 U.S.C. §1012 (b). In *Barnett Bank of Marion County v. Nelson*, 517 U.S. 25, 116 S.Ct 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that "[t]he word 'relates' is highly general." *Id*. at 38, 116 S.Ct. 1103. Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance.

27.     Beyond the general proposition that the National Flood Insurance Act regulates commerce, it is also clear that in a more particularized sense, the Act expressly regulates both the subjects of claims and claims handling, as well as "the conditions of insurability." See, e.g., 42 U.S.C. §§4013 and 4019. Plainly, federal laws affecting commerce are involved in the facts put at issue in the Plaintiff's Petition, and so removal of that Petition is proper pursuant to 28 U.S.C. §1337.

**E.     THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIM**

28. To the extent that any of the claims of the Plaintiff are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367. See *Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611 (2005).

29.     All of the claims put at issue in the Plaintiff's Petition arise from the property damages allegedly sustained as a result of Hurricane Ike, and from Plaintiff's efforts to obtain flood insurance benefits under the SFIP as a result of that loss. As such, all of the Plaintiff's legal claims arise from the same nucleus of operative facts, that being the underlying loss, and all of the insurance issues arising therefrom. Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type. See, e.g., *Winkler v. State Farm Fire*, 266 F.Supp.2d 509, 513-14 (S.D.Miss. 2003); and *Jamal, supra*. Handling all claims arising in this dispute in one forum will serve the interest of judicial economy and fairness. See *Winkler,* 266 F.Supp.2d at 514.

-10-

30.     There is no concurrent subject matter jurisdiction in state courts.  See *Hairston v. Travelers Cas. & Surety Co.*, 232 F.3d 1348 (11th Cir.2000); *McCormick v. Travelers*, 103 Cal. Rptr.2d 258 (Cal. App. 1st. Cir. 2001), *review denied*; *Seibels Bruce v. Deville Condominium Assoc.*, 786 So.2d 616 (Fla. Dist. App. 1st Cir. 2001); (reversing a $900,000 judgment for lack of subject matter jurisdiction in state court); and *Battle*, *supra* (wherein the Fourth Circuit vacated an order remanding the case to state court).  However, the reverse is true as federal courts do have pendent jurisdiction over state-law-based causes of action. *See Whiting v. Univ. of Southern Miss.*, 451 F.3d 339(5th Cir. 2006) (where action is before federal court on federal question jurisdiction, court may exercise pendent jurisdiction over state law claims where there exists a common nucleus of operative fact).

## F.     SEPARATE AND INDEPENDENT FEDERAL CLAIM

31.     Plaintiff's claims against Texas Famers under the SFIP involve an obligation distinct and separate from the claims made against the co-Defendant, John D. Colonnetta.  More particularly:

  a.     The SFIP issued by Texas Farmers is governed by federal law and flood claims are paid with U.S. Treasury funds;

  b.     The insurance policy at issue is an SFIP which is codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1);

  c.     Plaintiff's claims as to how Famers handled and administered the existing SFIP and adjusted the Plaintiff's flood loss claim are independent of Plaintiff's claims against the co-Defendant John D. Colonnetta.  As such, Plaintiff's claims as to Farmers' administering the existing flood policy and handling of the flood loss claim under the SFIP and denial of any federal benefits under the SFIP can only be removed by the WYO Program carrier Farmers.

32.     Removal of such claims is allowed pursuant to 28 U.S.C. §1331, which provides in pertinent part:

> (C) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion may remand all matters in which state law predominates.

33.     For the reasons discussed above and herein, Plaintiff's claims for payment of flood damages under an existing SFIP issued by Farmers raise federal questions that are separate and independent from all other claims made in this lawsuit.  Therefore, consent to removal of co-Defendant is not required under 28 U.S.C. §1441(C).  *See Henry v. Independent American Savings Assoc.*, 857 F.2d 995, 999 (5th Cir. 1998).  For a discussion involving a separate and independent claim under the NFIP, please see *Coats v. Reboul*, et al, 2007 WL 54816 (E.D.La., Jan. 04, 2007), *Ripoll v. White*, 2006 WL 3406733 (E.D.La., Nov. 20, 2006) and *Acme Brick Co. v. Agrupcacion Exportadora de Maquinaria Cermanica, et al.*, 855 F.Supp. 163, 166-67 (N.D. Tex. 1994) following *Henry*.

34.     Thus, regardless of the other claims against the co-Defendant, if this Court finds one federal claim that is separate and independent as to Farmers, then this Court has jurisdiction and this removal is proper.

**G.      PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

35.     This removal, which was filed on March 29, 2009, is timely filed as receipt of the lawsuit and summons upon Texas Farmers' agent for service of process, was effected on February 26, 2010 as evidenced by the United States Postal Service Tracking Information attached as Exhibit "D."  According to the United States Postal Service Tracking Information,

the lawsuit and summons was received for forwarding to Farmers on February 25, 2010.  This Notice of Removal is "filed within the thirty days after receipt by the defendant," as required by 28 U.S.C. §1446(b), and it is therefore timely. Moreover, pursuant to *Hibernia Community Development Corp., Inc. v. U.S.E. Community Services Group, Inc.*, 166 F.Supp.2d 511, 513 (E.D.La. 2001) and *Backes v. Colonial Life & Accident Ins. Co.*, 2006 WL 901799, *2 (E.D.La. 4/4/06), the thirty day period to remove does not commence running until the Defendant is actually served.  Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit "B" is a copy of all processes, pleadings, and orders in the state court record to date.  A Notice of Filing Notice of Removal is being contemporaneously filed with this Removal into the record of the 10th Judicial District  Court for Galveston County, State of Texas, from which this matter is being removed.

36.    Venue is proper in the United States District Court for the Southern District of Texas  pursuant to 42 U.S.C. §4072 and Article VII(R) of the SFIP, which require that this lawsuit be filed in the United States District Court encompassing the insured property as of the date of loss. Venue is also proper in this Court pursuant to 28 U.S.C. §1391(b) as the property and the majority of the transactions at issue occurred within the jurisdictional territory of this Court.

**CONCLUSION**

WHEREFORE, Defendant, Texas Farmers Insurance Company, prays that this Notice of Removal will be deemed good and sufficient, and that this matter be removed from the 10th Judicial District Court for Galveston County, State of Texas, to the docket of this Honorable Court.

Dated: March 29, 2010.

Respectfully Submitted,

**BAKER & HOSTETLER LLP**

**/S/ MICHELLE BENAVIDES**

Douglas D. D'Arche
State Bar No. 00793582
Michelle Benavides
State Bar No. 24050275
1000 Louisiana, Suite 2000
Houston, Texas  77002
Telephone: (713) 751-1600
Facsimile:  (713) 751-1717

And

NIELSEN LAW FIRM, L.L.C.
GERALD J. NIELSEN,   LA. S.B. 17078
KIM TRAN BRITT, TEXAS FED. BAR. NO. 594865
DEANI BEARD MILANO, TEXAS FED. BAR NO. 36523
3838 N. Causeway Blvd.  Suite 2850
Metairie, Louisiana 70002
Tel. (504) 837-2500
Fax (504) 832-9165

**COUNSEL FOR TEXAS FARMERS
INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

        hereby certify that I served a true and correct copy of the foregoing pleading upon the following counsel of record via certified mail return receipt requested and/or via the court's electronic mail system on this 29th day of March, 2010:

Robert W. Loree
Loree, Hernandez & Lipscomb
14607 San Pedro, Suite 125
San Antonio, TX  78232
Attorney for Plaintiff, Mattielene Copeland

E. Ray Edwards
Gann & Edwards
7500 San Felipe, Suite 410
Houston, TX  77063-1708
Attorney for John D. Colonnetta

/S/ MICHELLE BENAVIDES
MICHELLE BENAVIDES

502811662.1

-14-