UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MATTIELENE COPELAND, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-10-118 |
| | § | |
| JOHN D COLONNETTA, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

### I.   INTRODUCTION

Before the Court are the plaintiff, Mattielene Copeland's, motion to remand this case to the 10th Judicial District Court of Galveston County, Texas, and for costs (Doc. #10), and the defendant, Texas Farmers Insurance Company's, opposition to the plaintiff's motion to remand and request for oral argument (Doc. #12). The Court has examined the moving documents, the response and related pleadings and finds that the motion to remand should be granted and that the request for oral argument should be denied.

### II.   FACTUAL BACKGROUND

The facts that form the basis for this suit are essentially undisputed. The plaintiff purchased a homeowner's insurance policy for her home in Galveston County, Texas. Originally, American Bankers placed the policy(s) which included homeowner windstorm and flood coverages. After handling the plaintiff's policy requests for about a year, American Bankers was acquired by Texas Farmers Insurance Company. The defendant, John D. Colonnetta, became the plaintiff's agent of record.

The plaintiff asserts in her pleadings that she learned only after Hurricane Ike that her entire house was not covered by the Farmers' policy. She recalls on December 8, after the flood

damages, that Farmers revised her policy without consultation indicating that "changes to her policy [had] occurred on September 14, 2008, and that the coverage limits reflected on the amended declarations page were effective as of September 12, 2008, the day before Hurricane Ike. The amended declaration page stated:

> This is an elevated building. Coverage is limited below the lowest elevated floors. See property not covered in standard flood insurance policy.

The annual premium was then adjusted from $2,138.00 to $579.00. As a result of this conduct, the plaintiff brought causes of action for negligence and negligent misrepresentation against Farmers and its agent.

## III.  CONTENTIONS OF THE PARTIES

### A.  *The Plaintiff's Contentions*

The plaintiff contends that the defendants acted negligently and misrepresented the policy and coverage that it sold to the plaintiff. As a result of the defendants' conduct, the plaintiff did not obtain the "proper insurance policy" that would have covered her entire residence. As well, the plaintiff contends that her residence was underinsured because the defendant, Colonnetta, supplied false information about coverage and did not exercise the reasonable care or competence necessary in order that the plaintiff might make a proper policy decision. Therefore, since Colonnetta is a resident of Texas, this case should be remanded to the state court from which it was removed.

### B.  *The Defendant, Farmers', Contentions*

The defendant argues that this Court has jurisdiction over the instant case and, therefore, remand is improper. Specifically, the defendant maintains that the plaintiff's suit, even though pled otherwise, invokes federal jurisdiction pursuant to 28 U.S.C. § 4072; 28 U.S.C. § 1331 and

44 C.F.R. § 61(e).  In this regard, the defendant argues that it serves as a Federal Emergency Management Agency [FEMA] agent under the National Flood Insurance Program [NFIP], and as such, the plaintiff's claims are preempted by federal law.  *See* 42 U.S.C. § 4072.

## IV.   STANDARD OF REVIEW

In 1968, Congress enacted the NFIP in order that flood insurance would be available to the public on reasonable premium terms.  *See* 42 U.S.C. § 4001 *et. seq.*  Within the NFIP is a program that allows private insurers to issue flood insurance policies in their own names and the federal government underwrites the policies.  *See Gallup v. Omaha Prop. & Cas. Co.*, 434 F.3d 341, 342 (5th Cir. 2005).  However, the policies must contain the exact terms and conditions of a Standard Flood Insurance Policy as defined by FEMA regulations.  *See* 44 C.F.R. §§ 61.4(b), 62.23(c)-(d).  Therefore, FEMA regulations govern the means and methods by which carries adjust and pay flood claims.  *See* 44 C.F.R. §§ 61.1-78.14.  This practice may be referred to as "claims handling" as opposed to "policy procurement."

In analyzing the plaintiff's motion to remand this case and the defendant's response, the Court must determine whether the claim(s) asserted by the plaintiff relates to claim handling or to insurance procurement.  *See Campo*, 562 F.3d at 754.  If the former, the plaintiff's claims are preempted.  "Federal law may preempt state law in any of three ways, to wit:  when (1) Congress explicitly define[s] the extent to which it intends to preempt state law'; (2) Congress indicates 'an intent to occupy an entire field of regulation'; or (3) state law conflicts with federal law such that either (a) there is an actual conflict and compliance with both laws is impossible, or (b) state law is an obstacle to the 'full purpose and objectives of Congress'."  *Id.* citing to *Mich. Canners & Freezers Ass'n, Inc. v. Agric. Mktg. & Bargaining Bd.*, 467 U.S. 461, 469 (1984) (internal and quotation marks omitted).  Federal law preempts "state law tort claims arising from claims

handling by a "Write-Your-Own" (WYO) carrier. *See Camp v. Allstate Insurance Co.,* 562 F.3d 751, 754 (citations omitted). Hence, *Campo* resolves the issue of when preemption applies, holding that federal law does not preempt state law procurement based claims. *Campo*, 562 F.3d at 757.

## V.     DISCUSSION AND ANALYSIS

In this case, the defendant does not dispute that the defendant, John D. Colonnetta, is a Texas resident. Therefore, the Court moves to determine only whether Congress intended to preempt the type of claim(s) asserted by the plaintiff against the defendants. Federal jurisdiction exists only if the plaintiff's sole claim for relief arises from the handling of her claim. *Id.*

In her original petition, the plaintiff asserts that the defendants violated the Texas Deceptive Trade Practices Act [DTPA] in the following manners:

   A.  As described in this petition, defendants represented to plaintiff that their insurance policies had characteristics or benefits that they did not have, which allow plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

   B.  As described in this petition, defendants represented to plaintiff that their insurance policies were of a particular standard, quality or grade when it was of another, which allow plaintiff the right to recover under Section 17.46(b)(7) of the DTPA;

   C.  As described in this petition, defendants represented to plaintiff that their insurance policies conferred or involved rights, remedies or obligations that they did not have, which allow plaintiff the right to recover under Section 17.46(b)(12) of the DTPA; and

   D.  Defendants' actions, as described in this itemization, are unconscionable in that they took advantage of plaintiff's lack of knowledge, ability and experience to a grossly unfair degree which allow plaintiff the right to recover under Section 17.50(a)(3) of the DTPA.

In addition, the plaintiff asserts claims of negligence and negligent representation regarding the insurance policies sold. The Court is of the opinion that these allegations relate to insurance procurement. *Ibid.*

**IV.   CONCLUSION**

Because the claims asserted by the plaintiff in her suit against the defendants relates to the procurement of an insurance policy and not the handling of her claim, no federal question is raised by her pleadings – hence, no preemption. Therefore, the plaintiff's motion to remand this case to the 10th Judicial District Court of Galveston County, Texas should be, and is Hereby, Granted pursuant to 28 U.S.C. § 1447(c). The defendant's request for oral arguments is Denied.

It is so Ordered.

SIGNED at Houston, Texas this 15th day of June, 2010.

_____
Kenneth M. Hoyt
United States District Judge